# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CHERYL HOLMAN,** Individually, and as Independent Administrator on behalf of the Estate of **ELAINE COOK,** Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>**JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER COMPANIES, INC., JOHNSON & JOHNSON CUSTOMER LOGISTICS SERVICES, LLC, and WALGREEN CO.,**<br><br>        Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334 and 1452, Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "J&J") hereby remove the claims against J&J in the above-captioned matter (the "State Court Talc Claims") from the Circuit Court of Cook County, Illinois (the "State Court") to this Court. The grounds for removal are set forth below:

## BACKGROUND

1. On February 13, 2019, Imerys Talc America, Inc., and two affiliates, Imerys Talc Vermont, Inc., and Imerys Talc Canada, Inc. (collectively, the "Debtors"), filed a voluntary chapter 11 petition, commencing a reorganization case styled: *In re: Imerys Talc America, Inc., et al.,* Case No. 19-10289-LSS, in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Case").

2. Since the Chapter 11 Case was commenced, the Debtors have remained as debtors in possession under 11 U.S.C. § 1101 and have the rights, powers, and duties set out in 11 U.S.C. §§ 1107 and 1108.

3. At the time the Debtors commenced the Chapter 11 Case, the State Court Talc Claims were pending in the State Court. The State Court Talc Claims are not proceeding before the United States Tax Court and are not brought by a governmental unit to enforce its police or regulatory powers.

4. Although not named as co-defendants in the above-captioned matter, the Debtors supplied talc to J&J and the plaintiff may have claims against the Debtors' estates. The State Court Talc Claims are those brought against J&J.

5. The State Court Talc Claims against J&J center on allegations that exposure to the Debtors' talc caused the Plaintiff's decedent's injuries—specifically, ovarian cancer. J&J disputes these allegations.

6. The Complaint (attached as **Exhibit A** hereto) generally alleges that exposure to the Debtors' talc (including alleged constituent elements contained in the talc), through the habitual use of J&J cosmetic talcum powder products, caused the Plaintiff's decedent's wrongful death. J&J's responsive pleading is attached as **Exhibit B** (J&J's Answer to Plaintiff's Complaint).

7. On April 18, 2019, J&J filed in the United States District Court for the District of Delaware a Motion to Fix Venue for Claims Related to Imerys's Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b) (the "Motion"). The Motion and supporting papers are attached hereto as **Exhibit C**. The State Court Talc Claims are among those that J&J seeks to consolidate in the District of Delaware.

8. Thousands of plaintiffs across the country allege similar personal injury and wrongful death claims against J&J (the "Talc Claims"). As noted in the declaration supporting the Debtors' bankruptcy petition, the Debtors have historically been the exclusive supplier of cosmetic talc to J&J. *See* Declaration of Alexandra Picard, Chief Financial Officer of the Debtors in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration") ¶ 18 (attached as **Exhibit 1** to the Declaration of John J. Nolan in Support of the Motion, found in **Exhibit C**). Because the Debtors have historically been J&J's sole supplier of cosmetic talc, the Debtors are routinely named as a co-defendant in the actions in which the Talc Claims arise. Even where the Debtors are not so named as co-defendants, however, the Talc Claims are related to the Debtors' bankruptcy.

9. 28 U.S.C. § 157(b)(5) provides as follows:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

10. The purpose of this section is to centralize the adjudication of claims, and the express language of the statute confers authority on the District of Delaware to determine the proper venue for trial of this civil action. *See e.g.*, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986) (affirming centralization of thousands of state and federal personal injury cases against debtors and non-debtor co-defendants in the district court where a bankruptcy was pending, finding "Section 157(b)(5) . . . expressly confers on the district court sitting in bankruptcy and having jurisdiction of the bankruptcy proceedings the power to fix the venue of any tort case against the debtor pending in other districts."); *Whittingham v. CLC of Laurel, LLC*, 2006 WL 2423104, at *1 (S.D. Miss. Aug. 22, 2006) ("[T]he ultimate venue of the trial in the personal injury case should be determined by the District Court where the bankruptcy case is

3

pending."); *see also* 1-3 *Collier on Bankruptcy* ¶ 3.06 (16th ed. 2019) ("Section 157(b)(5) provides that the venue of the [personal injury tort and wrongful death] trial is to be determined by the district court in which the title 11 case is pending. This unusual, perhaps unique, provision empowers a court other than that in which the litigation is pending to decide where the trial is to take place. The court in which the title 11 case is pending has the options of trying the case itself or directing that the trial occur in the district court for the district in which the claim arose.").

11. Given the pendency of the Motion, J&J believes that this Court cannot and, in any event, should not take any further action in this civil action until the District of Delaware has ruled on the Motion. Because the District of Delaware has the ultimate power to determine venue of the personal injury and wrongful death claims, the District of Delaware necessarily has authority to consider any procedural motions filed in this civil action if the resolution of such motions might have some bearing on the trial of the claims. *See Calumet National Bank v. Levine*, 179 B.R. 117, 120 (N.D. Ind. 1995) ("Under section 157(b)(5), the district court for the bankruptcy district has sole authority for ultimately fixing venue for [personal injury tort/wrongful death] actions against debtors."). Accordingly, the appropriate course of action is to defer ruling on any motions, including any motions seeking abstention or remand, because the District of Delaware must first determine the venue in which this civil action should proceed.

12. J&J filed the Motion in pursuit of equitable and uniform outcomes for the Debtors' creditors, the thousands of plaintiffs prosecuting similar claims and actions across the country, the Debtors' themselves, and J&J, and in the interest of efficiency and preservation of judicial resources.

13. In deciding the Motion, J&J expects that the District of Delaware will address—on a global scale, for all of the Talc Claims—the following issues: (i) federal subject matter jurisdiction under 28 U.S.C. § 1334(b), (ii) abstention under 28 U.S.C. § 1334(c), (iii) equitable

4

considerations, if any, favoring remand under 28 U.S.C. § 1452(b), and (iv) the propriety of the removal of the State Court Talc Claims under 28 U.S.C. § 1452(a).

14. Further, as noted in the Memorandum of Law in Support of Johnson & Johnson's and Johnson & Johnson Consumer Inc.'s Motion to Fix Venue for Claims Related to Imerys's Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b) (the "Memorandum of Law") the District of Delaware may exercise its powers under 28 U.S.C. § 157(b)(5) to fix venue for the State Court Talc Claims even if this Court remands the State Court Talc Claims back to the State Court. *See* Ex. C, Memorandum of Law § IV.

15. Therefore, in the interests of comity, efficiency, and achieving uniform outcomes by coordinated judicial proceedings, J&J respectfully requests that this Court await the District of Delaware's forthcoming decision on the Motion before issuing a ruling on any future motion to remand filed by the Plaintiffs in this matter. *See Calumet National Bank v. Levine*, 179 B.R. at 121 ("[A] purpose behind section 157(b)(5) is making it possible for a single forum to oversee the many claims and proceedings that might arise in or affect a bankruptcy case."). In cases involving transfer and remand motions, courts have held that the "*transferee*" court under section 157(b)(5) is the proper forum to decide the remand motion. *See Whittingham*, 2006 WL 2423104, at *1 ("Plaintiff has filed a Motion for Remand and Request for this Court to abstain. This issue needs to be considered as a part of the big picture. The District Court in Georgia [with jurisdiction over the bankruptcy] should consider this issue."); *see also Calumet National Bank*, 179 B.R. at 123 (court stayed all proceedings while debtor-defendant pursued section 157(b)(5) motion and deferred ruling on pending motions because "whichever court ultimately takes the case should be the one that rules on the remaining argument"); *cf. Jackson ex rel. Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067, at *6 (W.D. Tenn. April 3, 2001) (holding that transferee court in multidistrict litigation is "a proper authority to decide the remand motion" and

5

"[t]he general rule is for federal courts to defer ruling on pending motions to remand in [multidistrict litigation]" until after the case is transferred).

**GROUNDS FOR REMOVAL**

16. A party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

17. District courts have original jurisdiction to hear all civil proceedings that are, among other things, "related to cases under title 11." 28 U.S.C. § 1334(b).

18. Because J&J has filed the Motion in the District of Delaware, J&J primarily looks to the Third Circuit's interpretation of related-to jurisdiction. A related-to case represents "the broadest of the potential paths to bankruptcy jurisdiction." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004). Although such a case does not invoke a substantive right under the Bankruptcy Code, it is one that "could *conceivably* have an effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), *overruled on other grounds by Petrarca*, 516 U.S. at 129. "A key word in this test is 'conceivable.' Certainty, or even likelihood, is not a requirement." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991). As clarified by later Third Circuit decisions, *Pacor*'s "conceivable effect" test asks "whether the allegedly related lawsuit would affect the bankruptcy without the intervention of yet another lawsuit." *In re W.R. Grace & Co.*, 591 F.3d 164, 172 (3d Cir. 2009) (quoting *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 227 (3d Cir. 2004), as amended (Feb. 23, 2005)).

19. In any event, every other U.S. Circuit Court of Appeals has adopted or closely followed the standard for related-to jurisdiction as articulated by the Third Circuit in *Pacor. See*

*In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992); *In re G.S.F. Corp.,* 938 F.2d 1467, 1475 (1st Cir.1991); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990); *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 and n. 19 (11th Cir.1990); *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988); *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987); *In re Dogpatch, U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir.1987); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986); *cf. Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996) ("Our precedents hold that [a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.'") (internal quotation marks omitted).

20. As more fully described in the Memorandum of Law, there are three bases for exercising related-to jurisdiction over the State Court Talc Claims. *First*, through a series of supply agreements, certain contractual rights and obligations between the Debtors and J&J arose upon the filing of the Complaint asserting the State Court Talc Claims. *See* Ex. C, Memorandum of Law § II.A. *Second*, the Debtors have demanded coverage under certain insurance policies available to J&J. The Debtors' First Day Declaration also claims "[o]ne or more of the Debtors also have rights to the proceeds of insurance policies issued to J&J and its subsidiaries." Ex. C, Nolan Declaration, Ex. 1, First Day Declaration ¶ 28. Additionally, the Debtors were contractually obligated to obtain and maintain insurance naming J&J as an additional insured. *See* Ex. C, Memorandum of Law § II.B. *Finally*, each bottle of J&J cosmetic talcum powder purchased by the Plaintiffs contained the Debtors' talc. There exists an identity of interest between the Debtors and J&J such that the State Court Talc Claims are, in essence, claims against the Debtors. *See* Ex. C, Memorandum of Law § II.C.

21. Accordingly, removal of the State Court Talc Claims is proper under 28 U.S.C. § 1452(a).

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

22. Removal of the State Court Talc Claims is authorized by 28 U.S.C. §§ 1334 and 1452. Removal is being accomplished in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the local rules of this Court (the "Local Rules").

23. The State Court is located in the division and district of this Court. Venue is proper under Bankruptcy Rule 9027(a)(1).

24. Bankruptcy Rule 9027(a)(1) requires that this Notice of Removal "contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to entry of final order or judgment by the bankruptcy court." J&J states that it does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Rather, through the Motion, J&J requests that the District of Delaware fix venue for the State Court Talc Claims in the District of Delaware.

25. Bankruptcy Rule 9027(a)(1) further requires that this Notice of Removal "be accompanied by a copy of all process and pleadings." The Complaint asserting the State Court Talc Claims is attached hereto as **Exhibit A**. J&J's responsive pleading is attached hereto as **Exhibit B** (J&J's Answer to Plaintiff's Complaint).

26. This Notice of Removal is being filed within ninety (90) days of the order for relief in the Chapter 11 Case. No order has been entered in the Chapter 11 Case with respect to the Civil Action terminating the automatic stay under 11 U.S.C. § 362. This Notice of Removal is timely under Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure.

27. In accordance with Bankruptcy Rule 9027(b), J&J will promptly serve written notice of this removal to the above-captioned Plaintiffs' counsel of record.

28. All parties to the State Court Talc Claims pending in the State Court are **HEREBY NOTIFIED** that removal of the State Court Talc Claims will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c). And "the parties shall proceed no further in that court unless and until the claim or cause of action is remanded." Bankruptcy Rule 9027(c).

29. No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any defenses available to J&J.

30. If any question is raised as to the propriety of the removal of the State Court Talc Claims, J&J requests the opportunity to present a brief and oral argument in support of removal, but would prefer that this Court await the District of Delaware's decision on the Motion.

Dated: April 30, 2019                    Respectfully submitted,

**HEPLERBROOM LLC**

By: /s/ M. Elizabeth D. Kellett
    Beth A. Bauer, #49981
    M. Elizabeth D. Kellett, #64954
    130 N. Main Street
    PO Box 510
    Edwardsville, IL 62025
    (618) 656-0184
    bab@heplerbroom.com
    edk@heplerbroom.com

*Attorneys for Johnson & Johnson and Johnson and Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2019, a true and correct copy of the foregoing document was served upon the following via U.S. Mail, postage prepaid:

| | |
|---|---|
| Robert A. Clifford<br>Shannon M. McNulty<br>Kristofer S. Riddle<br>**CLIFFORD LAW OFFICES, P.C.**<br>120 N. LaSalle St., Ste. 3100<br>Chicago, IL 60602<br>P: 312-899-9090<br>rac@cliffordlaw.com<br>smm@cliffordlaw.com<br>ksr@cliffordlaw.com<br><br>*Attorneys for Plaintiff* | Kenneth M. Gorenberg<br>Dana Amato<br>Erin Pauley<br>**BARNES & THORNBURG LLP**<br>One N. Wacker Drive<br>Ste. 4400<br>Chicago, IL 60606<br>Kenneth.gorenberg@btlaw.com<br>Dana.amato@btlaw.com<br>Erin.pauley@btlaw.com<br><br>*Attorneys for Walgreens* |

/s/ M. Elizabeth D. Kellett